```
              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF LOUISIANA
                   ALEXANDRIA DIVISION
CANTY                            CIVIL ACTION NO. 12-2760
VERSUS                           U.S. DISTRICT JUDGE TRIMBLE
IVANHOFF,
      et al                      U.S. MAGISTRATE JUDGE KIRK
```

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion by plaintiff for an injunction which I interpret to be for a temporary restraining order and preliminary injunction [**Doc. # 13**]. Plaintiff claims that his due process and 8th Amendment rights are being violated in the form of retaliation Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

In order for plaintiff to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury

outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest.  Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981).

Plaintiff complains that he has suffered retaliation for the filing of this lawsuit and seeks an injunction to prevent further retaliation. However, it is noted that plaintiff is not housed in Oakdale any longer.

In the instant case, plaintiff has failed to meet the requirements set forth above.  The facts alleged do not appear by affidavit and the motion is not verified. Further, plaintiff has not alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result to him. Plaintiff's complaints can be addressed in connection with the main demand. Plaintiff's motions for preliminary injunction protective order should be denied.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's request for temporary restraining order and  preliminary injunction [**Doc. #13**] be DENIED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,

written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 28th  day of December, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE