RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/14/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY CANTY (#02246-032) | DOCKET NO. 12-CV-2760; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| OFFICER IVANHOFF, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Anthony Canty, filed in forma pauperis and pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] on October 25, 2012. [Doc. #1] Plaintiff is an inmate in the custody of the Federal Bureau of Prisons. At the time of filing, he was incarcerated at the United States Penitentiary in Pollock, Louisiana. He lists numerous officers as defendants and complains that he was subjected to excessive force. He seeks compensatory and punitive damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on November 1, 2010, Officer Ivanhoff made a racial comment to him, so he hit the officer with a closed

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

fist "in the mouth area several times."[2] [Doc. #1, p.3] Plaintiff claims that when he finished assaulting Officer Ivanhoff, another officer directed him to get on the floor, and Plaintiff simply complied. While on the floor, Plaintiff claims officer Zito took his hand and "hyperextended it and twisted it" and Officer Ivanhoff choked him "without provocation." Plaintiff claims that he suffered a coronoid fracture from the allegedly excessive force.

Plaintiff filed a BP-8, "Inmate Request to Staff," on January 3, 2011, *two months after* the alleged incident/injury. He filed a BP-9, Request for Administrative Remedy, on May 25, 2011. The request was rejected on June 24, 2011 as untimely. [Doc. #1-2, p.16] Plaintiff filed a BP-10 on July 25, 2011, which was rejected on September 2, 2011 as untimely. [Doc. #1-2, p.13] Plaintiff then filed a BP-11 on September 21, 2011. [Doc. #1-2, p.17] On October 13, 2011, the BP-11 was rejected as untimely. Plaintiff filed suit in this Court on October 25, 2012.

### Law and Analysis

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the

---

[2]On his BP-8 form, Plaintiff claims that he raised his arms up over his head when asking a question, and the officer responded that his wife makes the same gesture when he complains about something. Plaintiff struck the officer once. When the officer reached for his radio, Plaintiff admittedly "struck him several more times." [Doc. #1-2, p.5]

applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

There is no federal statute of limitations. Accordingly, the forum state's statute of limitations for general personal injuries is used in Bivens claims. See Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003). In Louisiana, that limitations period is one year. However, federal law is used to determine when a cause of action accrues. Id. "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." Piotrowski, 51 F.3d at 516, quoting Vigman v. Community National Bank and Trust Co., 635 F.2d 455, 459 (5th Cir. 1981). Plaintiff had knowledge of his claim on the date of the incident - November 1, 2010. Thus, he had until one year later - November 1, 2011 - to file suit. Plaintiff's lawsuit was not filed until October 25, 2012 (signed and dated October 22, 2012), well past the expiration of the one year limitations period. Therefore, Plaintiff's complaint is prescribed on its face.

In the event that Plaintiff would argue that he is entitled to equitable tolling, his claim would fail. Although equitable tolling may apply to cases filed under Bivens, see Rotella v.

Pederson, 144 F.3d 892, 897 (5th Cir. 1998), a plaintiff is only entitled to equitable tolling of the time spent properly exhausting the BOP administrative remedies. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002). To properly exhaust remedies, the grievances must be timely filed. See Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). Plaintiff did not timely file his grievance, and it was dismissed as untimely at each level: June 24, 2011 (BP-9), September 2, 2011 (BP-10), and October 13, 2011 (BP-11).

Additionally, Bureau of Prison Program Statement 1330.17 provides that an inmate has one twenty (20) day period within which to seek informal resolution (BP-8) and file an administrative grievance (BP-9). Plaintiff attempts to excuse the untimeliness by claiming that he was provided misinformation about filing his BP-8 and/or BP-9 while housed at FCI-Oakdale. However, Plaintiff was not transferred to Oakdale until December 22, 2010, after the twenty day period for submitting his request and grievance had already expired. In fact, Plaintiff did not submit the BP-8 until almost sixty (60) days after his altercation with the officers.

Plaintiff did not timely exhaust; he did not even begin the grievance process until well after the time for doing so had expired. He is not entitled to equitable tolling, and his claim is prescribed.

### *Conclusion*

Because Plaintiff's claim is prescribed, **IT IS RECOMMENDED**

4

that his complaint be **DENIED AND DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §1915(e)(2)(b) and 1915A.

## *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 14th day of February, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE